Judge Mills
delivered the opinion.
This is a suit in chancery, in which a decree was rendered for a sum of money against the present plaintiff in error. On the trial of the cause in the court below, the counsel for the complainant in that court, the now defendant in error, offered in evidence sundry receipts and orders, which were not made exhibits as part of the pleadings in the cause, and no where reiied on. But they are evidence conducing to establish a fact of payment, charged lathe bill. To prove these writings, one deposition tvas taken and filed, in which the witness swore that they were in the hand writing of the defendant below. This proof was evidently not sufficient to warrant the reading of the papers; for the witness did not swear that he ever saw the plaintiff in error write, or that he had the means or opportunity of knowing bis hand writing. To the reading these papers, the counsel for the plaintiff in error objected, because tbev *171 were not proved; whereupon the court, on the application of the counsel for the defendant in error, admitted witnesses at the har to depose ore terms to the genuineness of the receipts. To the admission of that testimony the plaintiff in error objected; but his objections were overruled, and the witnesses sworn. An exception was taken, and this presents the first question to be considered; and if it be for the plaintiff, it precludes the necessity of travelling into the merits of this decree. -
Exhibits pleadings in a chancery upon%eave* given, he pro-red are ienus batkleuce dependiogon. writing, but pleadings, cannot besa i,rove'1’
Littell for plaintiff, B. Hardin and Hardin for defendant;
This court has already decided, that such testimony may be admitted to prove exhibits referred to and made part of the pleadings, on obtaining a previous order of court for leave to introduce such testimony; but the question now is, shall this practice be extended to papers offered in evidence previously filed in the cause, or pulled from the pocket of the party, the existence of which were never before noticed er alleged in the pleadings? To apply the rule to papers relied on in the pleadings, which the opposite party has had the opportunity of contesting by counter pleadings,appears reasonable under proper restrictions. But to extend: it to papers, of the existence of which the opposite party was not, and could not, be previously advised, we conceive-it dangerous, and might frequently ensnare the adverse parity, and subject him to the efiects of great surprize, from which he could not extricate himself However able he might be to prove that the papers offered were not genuine^ he could not be expected to be prepared with witnesses for the purpose. It is not shewn whether these papers' had ever been filed in the cause. But if they had been, we do not conceive it would aid the case. The bare filing of them did not compel the party to use them, and his adversary could not know that he would do so, till they were offered on the trial, We therefore conceive the court below erred in admitting this proof. We however do not deem it proper to exclude these papers and retry the cause without them. Had the court below decided differently, the cause was still in the power of that court, and, on good cause shewn, the court might have continued it for proper testimony: in such case we conceive it is the proper practice to reverse the decree with costs, and remand the cause for new proceedings.